GEORGIA,
Chatham Co.
MAY, 1808.

Straffin
vs.
Newell.

*Minutes of Superior Court, letter F. p.* 521.

*May* 6, 1808.

ADMINISTRATOR of STRAFFIN

*vs.*

THOMAS and ROBERT NEWELL.

### CHARTER PARTY.

THIS was an action of covenant brought upon a charter party, signed and sealed thus,—" *Thomas* and *Robert Newell.*" A verdict has been rendered for the administrator, and a motion is now made to arrest the judgment, upon the ground, that one partner cannot execute a deed to bind the other.

*Charlton,* Judge.

The point for the decision of the court is, whether one partner can bind another by deed?

The general principle of the law is, that all partners are bound by what one of them does in the *course* of the business; for *quoad hoc,* each partner is considered as the authorised agent of the rest, and all are respectively implicated, and each becomes liable to the fullest extent, in such trade or business. Law of Part. 105. Davies' Bank Law, 8.

It is said that partnerships embrace only chattel interests, and the free disposition of these requires not the solemnity of deeds or indentures. The right of *one* to bind the interests of *all* is wisely restrained within the limits of personal estate, and it is with a view to this, that partners are allowed to bind each other by deed. Amer. Lex Mer. 437.

It is also laid down in the case of Gerard *vs.* Basse, 1 Dallas Rep. 119, that "one partner cannot execute a deed for another."

But the case principally relied on by *Davis* and *Berrien,* is

GEORGIA,
Chatham Co.
MAY, 1808.

Straffin
vs.
Newell.

Harrison *vs.* Jackson, 7 T. R. 207, where it is said by lord Kenyon, C. J. " that the law of merchants is part of the law of the land. And in mercantile transactions, in drawing and accepting bills of exchange, it never was doubted, but that one partner might bind the rest. But the power of binding each other by deed, is now, for the first time, insisted on except in the *nisi prius* case cited, the facts of which are not sufficiently disclosed to enable me to judge of its propriety."

I have given to this case, and to all others I have had an opportunity of inspecting on this subject, the most attentive investigation, and whilst I assent to the general propositions of lord Kenyon and of Shippen, I do not conceive that they apply to the mercantile transaction of a charter party. It does not say in this case of 7 Term Rep. upon what kind of agreement covenant was brought, and I can find no cases of actions upon charter parties where the question was directly involved, as it relates to the signature of the partners ; but there is a case in point as to the liability attached to both or all of the owners of a ship by the signature and seal of one. It is thus stated in Beanes' *Lex Mercatoria*, who cites 2 Rolls. Abr. 22, " if an indenture of charter party be made between A. and B. owners of a ship of the one party, and C. and D. merchants of the other part, and A. only seals the deed on the one part, and C. and D. on the other part ; but in the indenture it is mentioned that A. and B. covenant with C. and D. and C. and B. covenant with A. and B. In this case A. and B. may join in an action *vs.* C. and D. though B. never seals the deed, for he is a party to the deed, and C. and D. have sealed the other parts to B. as well as to A." *Beanes' Lex Merca.* 138.

If one of the freighters or owners of a ship, who are *quoad hoc* partners, can bind the other by his seal, *à fortiori*, the signature and seal of one merchant then can bind the other in this species of mercantile contract ; because in the one case there is only a special, and in the other a general partnership, the principles of which are more liberal and extended.

I bottom my decision upon the broad ground that a char-

ter party is exclusively a *mercantile* transaction, and always in the *course* of trade. The general proposition of lord *Kenyon* must refer to deeds not in the course of trade; I mean a deed so inseparably incidental, so closely blended with partnerships and mercantile pursuits, as the contract of charter party is. A charter party is as essential in the course of trade, as the negociation of bills of exchange ; and I can perceive no difference between the exigencies which would impose a liability in the one case, and destroy it in the other. This contract could not have been in the contemplation of judges when they decided, that one partner could not bind the other by deed. The silence of the books, when it is supposed, that many cases might have occurred, affords the strongest reason to believe that the deed of charter party is not within the general principle stated by Kenyon and Shippen. The deeds they speak of are those which reach the separate estates of the partners, are unconnected with the partnership, or have no relation to the course of trade. A charter party has so peculiar a view to mercantile matters, and ideas, that all the parties covenanting become liable in a given extent, as partners according to the law merchant ; Law of Part. 89, and like all mercantile contracts, it ought to have a liberal interpretation. Doug. 277. I have consulted some merchants on this subject, and they inform me, that it is customary either to sign the name of the firm, or for one partner first to sign his own name, and then add " for self and other partners," mentioning their names. Still, however, there is but one seal, and the signature is by one. I have also examined a printed precedent, and I find it is signed and sealed in the manner of this, which illustrates the understanding of writers on the subject.

The motion in arrest of this judgment is therefore overruled.

> *Davis* and *Berrien*, for the motion.
> *Leake*, against it.